UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MIOSOTIS CINTRON

    Plaintiff,

v.                                    CASE NO.:

EPISCOPAL CHILDREN'S
SERVICES, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff MIOSOTIS CINTRON (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant EPISCOPAL CHILDREN'S SERVICES, INC. (hereinafter "Defendant" or "ECS"), and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from national origin and racial discrimination, and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages,

reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant in or around August 2021.

3. At the time of her termination in November 2021, Plaintiff worked for Defendant as a substitute teacher.

4. Defendants own, control, and operate childcare facilities in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Ocala, Florida.

8. Defendant conducts business in Ocala, Florida.

9. Plaintiff was employed with Defendant in Ocala, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is an individual who suffered race and national origin harassment and discrimination, as well as retaliation.

15. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as a substitute teacher.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 18, 2022.

20. The EEOC issued a Notice of Right to Sue on July 27, 2022.

21. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

24. Plaintiff was hired by ECS in August 2021.

25. Plaintiff was paid $12.25 per hour.

26. Plaintiff worked approximately 40 hours per week.

27. During her employment with ECS, Plaintiff was subjected to discrimination based on her Hispanic race.

28. During her employment with ECS, Plaintiff was subjected to discrimination based on her national origin, being from Puerto Rico.

29. Around November 16 or 17, 2021, Plaintiff was confronted by her supervisor.

30. At this time, Plaintiff was accused of slapping a child on their hand/head on the playground.

31. She was taken into a room with daycare staff, including Tania Franco (director), Barbara Freeman (supervisor), and Pamela (last name unknown) (supervisor).

32. The three staff members of Defendant began speaking to Plaintiff in English.

33. The three staff members of Defendant began interrogating Plaintiff in English.

34. Plaintiff expressed that she required a Spanish translator to communicate and respond to the accusations against her.

35. The staff members of Defendant proceeded to interrogate Plaintiff without a translator.

36. The staff members of Defendant told Plaintiff she could not leave the room until she provided a statement.

37. As a result of the interrogation that she was unable to understand, Plaintiff gave amounts to a false confession.

38. Defendant expressed in the past that it did not like employees speaking Spanish while working.

39. Plaintiff believes that she was treated unfairly based on her race due to employer forcing client to communicate in a language that she does not speak.

40. Plaintiff believes that she was treated unfairly based on her national origin due to employer forcing client to communicate in a language that she does not speak.

41. Plaintiff believes that she was treated unfairly based on her race due to firing her for her misunderstanding of the allegations against her.

42. Plaintiff believes that she was treated unfairly based on her national origin due to firing her for her misunderstanding of the allegations against her.

43. Plaintiff had never received any type of write up or discipline for her performance prior to being terminated.

44. Defendant's reason for termination was false and a pretext for discrimination and retaliation.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION TITLE VII

45. Plaintiff realleges and adopts allegations contained in paragraphs 1-27, 29-39, 41 and 43-44 as though fully stated herein.

46. Plaintiff is a member of a protected class because she is Hispanic.

47. At all material times, Plaintiff was qualified to perform her job duties.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her race.

49. Defendant did not subject the non-Hispanic employees to discriminatory treatment.

50. Plaintiff suffered an adverse employment action when she was terminated.

51. The discrimination to which Plaintiff was subjected was based on her race.

52. Defendant does not have a legitimate, non-discriminatory reason for discharging Plaintiff.

53. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.  judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.  compensatory damages;

e.  judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.  judgment interest, and, if applicable, post-judgment interest;

g.  reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT II
## <u>RACE DISCRIMINATION IN VIOLATION OF FCRA</u>

57. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-27, 29-39, 41, and 43-44 as though fully stated herein.

58. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

59. Defendant discriminated against Plaintiff based on her race.

60. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

61. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

62. At all material times, Plaintiff was qualified to perform her job duties.

63. Defendant discriminated against Plaintiff because of her race.

64. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

65. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION TITLE VII

66. Plaintiff realleges and adopts allegations contained in paragraphs 1-26, 28-38, 40, 42-44 as though fully stated herein.

67. Plaintiff is a member of a protected class based on her National Origin.

68. At all material times, Plaintiff was qualified to perform her job duties.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her national origin.

70. Defendant did not subject the non-Hispanic employees to discriminatory treatment.

71. Plaintiff suffered an adverse employment action when she was terminated.

72. The discrimination to which Plaintiff was subjected was based on her national origin.

73. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

74. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.  judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.  compensatory damages;

e.  judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.  judgment interest, and, if applicable, post-judgment interest;

g.  reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT IV
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FCRA

78. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-26, 28-38, 40, 42-44 as though fully stated herein.

79. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

80. Defendant discriminated against Plaintiff based on her national origin.

81. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

82. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

83. At all material times, Plaintiff was qualified to perform her job duties.

84. Defendant discriminated against Plaintiff because of her national origin.

85. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

86. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

87. Plaintiff realleges and adopts allegations contained in paragraphs 1-44, as though fully stated herein.

88. Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior against her.

89. Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and ultimately terminated.

90. A causal connection exists between the protected activity and the adverse action.

91. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints.

92. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

93. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

95. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

96. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

97. Plaintiff reincorporates and adopts all allegations contained within 1-44, as though fully stated herein.

98. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

99. At all material times, Plaintiff was qualified to perform her job duties.

100. Defendant retaliated against Plaintiff because of her complaints about race and national origin.

101. Plaintiff engaged in a protected activity by making complaints to Defendant regarding race and national origin.

102. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

103. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __25th__ day of __October__, 2022.

        Respectfully submitted,
        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com

        Anthony Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        631 S. Orlando Ave., Suite 300
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff