# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MIOSOTIS CINTRON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No: 5:22-cv-486-JSM-PRL

**EPISCOPAL CHILDREN SERVICES, INC.,**

    **Defendant.**

## ORDER

Before the Court, upon referral, is Defendant's motion to compel Plaintiff's Rule 26 disclosures, filed on April 18, 2023. (Doc. 14); Fed. R. Civ. P. 26. The motion is unopposed to the extent it seeks complete initial disclosures. (Doc. 14 at 7). However, Plaintiff has filed a response in opposition, representing that she provided supplemented disclosures to Defendant on May 16, 2023, and requesting that the Court deny Defendant's motion in its entirety. (Doc. 17). Because Plaintiff provided Defendant with the disclosures sought by the motion after it was filed, the motion is **denied as moot** to the extent it seeks complete Rule 26 disclosures and **granted** to the extent Defendant requests other sanctions.

Further, the motion requests that the Court estop Plaintiff from claiming at trial any damages not provided in her initial Rule 26 disclosures. With respect to this request for sanctions, the Court **denies** Defendant's request to estop Plaintiff from claiming at trial any damages not provided in her initial Rule 26 disclosures. The defendant fails to provide any authority for estopping Plaintiff in these circumstances. Moreover, it appears that Congress

has specifically circumscribed sanctions that apply when an incomplete Rule 26 disclosure necessitates the filing of a motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

However, to the extent that Defendant seeks further relief as the Court deems appropriate, it appears that sanctions under Rule 37(a)(5)(A) are applicable. *Id.* When, as here, the requested discovery is provided after the motion was filed, the Court is required to award the fees and expenses incurred in filing the motion. *Id.* The Rule authorizes the Court to deny the request for sanctions only if it determines (1) the motion was filed without the movant making a good faith effort to obtain the discovery without court action, (2) the response of the non-moving party was substantially justified, or (3) other circumstances make an award of expenses unjust. *Id.* None of these exceptions are presented here.

Indeed, before filing this motion counsel for Defendant corresponded with Plaintiff's counsel to obtain the discovery responses, sending a letter on April 7th (Doc. 14-2; Doc. 17 at ¶ 2), reaching out on April 14th, and speaking on the phone on April 18th. (Doc. 14 at 7). Notably, Plaintiff provided her initial disclosures on April 5, about two weeks after the parties agreed to a deadline of March 24, 2023 (and after Defendant's counsel requested them on March 27th). (Doc. 14 at 3; Doc. 17 at ¶ 1).

On April 7th, Defendant notified Plaintiff that her disclosures were inadequate. However, Plaintiff waited until May 16, 2023, the day that she filed her response to this motion, to provide supplemental disclosures. (Doc. 17). Finally, Plaintiff has failed to provide any reasons for her dilatory disclosure and response to the instant motion and fails to contest the inadequacy of her initial disclosures. For these reasons, Defendant will be **granted** its reasonable expenses, including attorney's fees (Doc. 14) incurred in preparing and filing the amended motion to compel.

Accordingly, Plaintiff is hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the instant motion. Defendant shall submit within ten (10) days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the amended motion to compel. To the extent that Plaintiff objects to the amount of expenses and fees claimed by Defendant, Plaintiff shall file a response within ten (10) days of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on June 2, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties